UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| LINDA K. RODDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-cv-00023-TWP-WGH |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant.[1] | ) | |

**ENTRY ON MOTION FOR ATTORNEYS' FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on Plaintiff Linda K. Roddy's ("Ms. Roddy") request for an award of attorneys' fees and expenses (Dkt. 32) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Ms. Roddy applied for Disability Insurance Benefits ("DIB") based on severe physical impairments. On January 18, 2013, the Seventh Circuit Court of Appeals ordered this case remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g), to the Commissioner of the Social Security Administration ("Commissioner"), for further proceedings. See, *Roddy v. Astrue*, 705 F.3d 631 (7th Cir. 2013). Ms. Roddy requests a total of $17,504.40 in fees and expenses reflecting an hourly rate of $186.38 for 8.4 hours in 2013, an hourly rate of $173.50 for 83.5 hours in 2011 and 2012, and expenses of $1,451.56. For the following reasons, Ms. Roddy's motion (Dkt. 32) is **GRANTED**.

**I. DISCUSSION**

Section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) his

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of the Social Security Administration. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted as the Defendant in this suit. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405 (g).

attorneys' fees and expenses, unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. Financial means tests also affect eligibility for a fee award, § 2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act. The party's motion to recover fees must be timely and supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a cap rate of $125.00 per hour plus an increase based on the cost of living if a fee higher than $125.00 is justified. 28 U.S.C. § 2412(d)(2)(A).

The Commissioner opposes Ms. Roddy's request on the ground that its position was substantially justified, an issue on which the Commissioner bears the burden of proof. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The Commissioner has not challenged the justification or amount of fees requested. The Court finds that Ms. Roddy has sufficiently justified the amount of fees requested by pointing to inflation, including the rising costs of counsel's hourly rate, counsel's assistant's hourly wage, and the cost of living according to the relevant Consumer Price Index. Therefore, Ms. Roddy's request satisfies the EAJA and *Mathews–Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). The Court will now turn to the Commissioner's challenge.

The Commissioner's position is "substantially justified" if "a reasonable person could conclude that the ALJ's opinion and the [C]ommissioner's defense of the opinion had a rational basis in fact and law." *Bassett v. Astrue*, 641 F.3d 847, 859 (7th Cir. 2011). In *Bassett*, the

Seventh Circuit provided benchmarks helpful in determining whether a position was substantially justified:

> The commissioner's position may be substantially justified even if it turns out to be completely wrong. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). For example, the ALJ's opinion might offer merely a "cursory and inadequate" analysis of an important point, but that shortcoming alone usually will not be enough to poison the opinion—or the commissioner's defense of the opinion. *See United States v. Thouvenot, Wade & Moerschen, Inc.,* 596 F.3d 378, 387 (7th Cir.2010). That is because the requirement that the ALJ must articulate an assessment of the evidence is "deliberately flexible," *Stein v. Sullivan*, 966 F.2d 317, 319–20 (7th Cir. 1992), so the ALJ's failure to "connect all the dots" in the analysis—and the commissioner's defense of those gaps in the ALJ's reasoning—is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law, *see Cunningham v. Barnhart*, 440 F.3d 862, 864–65 (7th Cir. 2006). Indeed it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis. *See Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

*Bassett*, 641 F.3d at 859–60.

In the present case, the Seventh Circuit first found that the Administrative Law Judge ("ALJ") failed to consider Dr. Wright's, Ms. Roddy's treating physician, medical opinion or provide "an accurate and logical bridge" between the evidence and his conclusions. *Roddy*, 705 F.3d at 636. The court characterized the error as "serious" and "especially troubling." *Id.* Furthermore, the court faulted the Commissioner for "invoking an overly broad conception of harmless error" by speculating on the ALJ's reasoning based on rationale not employed in the ALJ's opinion. *Id.* at 637 (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943)). Second, the Seventh Circuit found that the ALJ impermissibly based his credibility finding on Ms. Roddy's failure to seek professional treatment and her ability to perform household tasks. The court criticized the ALJ's findings and the Commissioner's attempt to justify the ALJ's opinion with evidence not in the record. *Id.* at 638.

In opposition to Ms. Roddy's fee request, the Commissioner argues that the Seventh Circuit applied *Chenery* too narrowly and alternatively, that because this Court affirmed the ALJ on review her position was substantially justified.  On the latter point, as the Supreme Court described in *Pierce v. Underwood*, 487 U.S. 552, 569 (1988): "[O]bviously, the fact that [a court] agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Government could take a position not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."  Therefore, the Court rejects the Commissioner's suggestion that this Court's decision on review necessarily implies that the Commissioner's position was substantially justified.

On the former point, the ALJ's conclusions were more than a "run-of-the-mill error in articulation."  *See Bassett*, 641 F.3d at 860.  It was unreasonable for the Commissioner to support the ALJ's failure to follow the mandate of 20 C.F.R. § 404.1527(c), which states that "[r]egardless of its source, we will evaluate every medical opinion we receive."  Therefore, the Commissioner's position was not substantially justified.  *See Cruz v. Astrue*, No. 2:09-cv-262-PRC, 2011 WL 1157463, at *3 (N.D. Ind. Mar. 29, 2011).  The Commissioner's position was also unreasonable regarding the ALJ's credibility determination, given the Seventh Circuit's clear precedent that a person's ability to perform daily activities does not translate into an ability to work full-time.  *See Roddy*, 705 F.3d at 639.  Finally, the Commissioner's reliance on harmless error based on speculation was unreasonable.  The Seventh Circuit has long held courts have "no authority to supply a ground for the agency's decision."  *O'Connor v. Sullivan*, 938 F.3d 70, 73 (7th Cir. 1991) (citing *Chenery*, 318 U.S. at 94).  Therefore, the Seventh Circuit's admonishment in *Roddy* as not an overly strict interpretation, but is consistent with *Chenery* and Seventh Circuit precedent.  Consistent with the Seventh Circuit's opinion in *Roddy*, the Court

4

finds that the ALJ ignored or mischaracterized a significant body of evidence, and the Commissioner defended the ALJ's opinion on a forbidden basis. *See Golembiewski*, 382 F.3d at 724.

## II. CONCLUSION

Accordingly, Ms. Roddy's motion (Dkt. 32) is **GRANTED**. Ms. Roddy is entitled to, and the Commissioner is **ORDERED** to pay, attorneys' fees and expenses in the amount of $17,504.40.

**SO ORDERED**.

Date: 06/03/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Timothy J. Vrana
tim@timvrana.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov